## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**BONDARY McCALL,**
        **Petitioner,**

**vs.**                                    **Case No. 5:05cv186/SPM/MD**

**J. BARRON, JR., WARDEN,**
        **Respondent.**

---

### REPORT AND RECOMMENDATION

  This cause is before the court upon petitioner's amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 5). The filing fee has been paid. (Doc. 1). From a review of the record and the arguments presented, it is the opinion of the undersigned that petitioner has not demonstrated entitlement to proceed under § 2241 and that the petition should be dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

  On September 27, 1993, in the United States District Court for the Southern District of Ohio, petitioner was found guilty by jury verdict of numerous offenses arising from his participation in a cocaine distribution conspiracy.[1] (Doc. 5, p. 2; *see also* https://ecf.ohsd.uscourts.gov, *United States of America v. McCall,* Case Number 2:93cr45 at Doc. 129). He was sentenced on December 21, 1994. (*Id.,* 2:93cr45 at Doc. 228). The judgment was amended on January 3, 1995. (*Id.* at Doc. 231).

---

[1]Specifically, petitioner was convicted of conspiracy to distribute and possess with the intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(ii); possession with the intent to distribute in excess of 5 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii); money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i); and engaging in interstate transportation in the aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952. *See United States of America v. McCall,* No. 95-3015, 1996 WL 77437 at *1, 77 F.3d 483 (6th Cir. 1996) (Table, Text in WestLaw) (unpublished opinion).

Petitioner's convictions and sentences were affirmed on appeal on February 20, 1996.  (*Id.* at Doc. 238; *United States of America v. McCall*, 1996 WL 77437, 77 F.3d 483 (6th Cir. 1996) (Table, Text in Westlaw) (unpublished opinion)).  In May of 1997 petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (*Id.*, 2:93cr45 at Doc. 257).  The motion was denied on March 23, 1999.  (*Id.* at Docs. 320 & 321).  The Sixth Circuit affirmed the denial order on October 19, 2000.  (*See McCall v. United States of America*, No. 99-3524, 2000 WL 1597853, 234 F.3d 1269 (6th Cir. 2000) (Table, Text in WestLaw) (unpublished opinion)).

In the instant § 2241 petition, petitioner states he is challenging his conviction, although he sets forth virtually no grounds for relief.  (Doc. 5, pp. 2, 3-5).  He states that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention for the following reason: "Petitioner's private personal authority secured and sealed by Article I, Section 9 and 10, and Articles IV, VI, and Bill of Rights at Articles and contract law is not available under § 2255."  (Doc. 5, p. 3).  He then refers to pages 45-47 of his original petition.  Although the rules of this court provide that "[m]atters not set forth in the amended pleading are deemed to have been abandoned," *see* N.D. Fla. Loc. R. 15.1, the court has reviewed pages 45-47 of petitioner's original petition.  There, petitioner asserted that respondent "and his co-business partners" were committing fraud, specifically, that they were defrauding petitioner of his life, liberty and property.  (Doc. 1, pp. 45-47).

## DISCUSSION

Generally, the continuation of an initially valid confinement is the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted under § 2255.  *See, e.g., United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990), *cert. denied*, 499 U.S. 979, 111 S.Ct. 1629, 113 L.Ed.2d 725 (1991); *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111 (5th Cir. 1990).  A petition for a writ of habeas corpus pursuant to § 2241 is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A petition under § 2241 attacking custody resulting from a federally imposed sentence

may be entertained only where the petitioner establishes that the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.  *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999).  Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added).  The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances:

> The savings clause of § 2255 applies to a claim when:  1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford* at 1244.

In the instant case, petitioner is using this § 2241 proceeding to challenge his conviction.  When a prisoner has filed a previous § 2255 motion to vacate, he must apply for and receive permission from the appropriate court of appeals before filing a second or successive § 2255 motion.  28 U.S.C. §§ 2244(b)(3), 2255; *In re Blackshire*, 98 F.3d 1293, 1293 (11th Cir. 1996).  The restrictions on second or successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause.  *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999) (holding that a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the limitation on successive § 2255 motions by simply filing a petition under § 2241).  It is well established that the §2255 remedy is not rendered inadequate or ineffective under the statute merely because § 2255 relief has already been denied, *see Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997), or because petitioner

may be unable to meet the prerequisites for filing a second or successive § 2255 motion, *see Wofford v. Scott*, 177 F.3d at 1245; *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2000); *United States v. Barrett,* 178 F.3d 34, 50 (1st Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998), or because petitioner has allowed the one year statute of limitations and/or grace period to expire, *see Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).  Moreover, petitioner has made no showing that any of his claims, which are as yet unidentified, meet the three-prong test in *Wofford*.  Finally, petitioner does not raise a claim of actual innocence.

As petitioner has not demonstrated the inadequacy of the § 2255 remedy, he should not be permitted to bring his claims by § 2241.  To allow him to pursue his claims in this forum styled as a petition pursuant to § 2241 would render meaningless the AEDPA's requirement that leave to file a second or successive § 2255 motion must be obtained from the appellate court of appropriate jurisdiction prior to filing, and Congressional attempts to curtail unnecessary second or successive filings.  *See, e.g., Davenport*, 147 F.3d at 608.

Accordingly, it is respectfully RECOMMENDED:

1.   That petitioner's amended petition for writ of habeas corpus under 28 U.S.C. § 2241(doc. 5) be DENIED as petitioner has not demonstrated entitlement to proceed under that section, and that treated as a § 2255 motion the petition be summarily  dismissed as an unauthorized second or successive motion.

2.  That all pending motions be DENIED as moot.

At Pensacola, Florida, this 13th day of October, 2005.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings